

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CRIMINAL APPEALS AND
FEDERAL HABEAS CORPUS BUREAU

April 8, 2021

**<u>BY ECF</u>**
Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Kemp v. Noeth*, 20 Civ. 9121 (RA)(SN)

Your Honor:

On behalf of respondent in the above *pro se* habeas corpus matter, I move pursuant to Fed. R. Civ. P. 5.2(d) and Rule III.F of Your Honor's Individual Practices in Civil Cases for an order granting respondent permission to file under seal the State Court Record and state-court transcripts in this case.

New York's Civil Rights Law protects the identity of the victim of petitioner's sex offense. Under New York Civil Rights Law § 50-b, the "identity of any victim of a sex offense . . . shall be confidential," and as such, "[n]o report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." Thus § 50-b protects sex offense victims by making their identities confidential and prohibiting public officers and employees from disclosing any court file or other document that identifies, or tends to identify, such a victim. Here, compelling interests in protecting the identities of sex crime victims and in federal-state comity warrant sealing. Lesser access restrictions would be inadequate and infeasible.

Hon. Sarah Netburn
April 8, 2021
Page 2 of 5

## A. Background

In the Petition, Gary Kemp ("petitioner") challenges his 2017 Supreme Court, New York County conviction, upon a jury verdict, for predatory sexual assault (N.Y. Penal Law § 130.95), aggravated criminal contempt (Penal Law § 215.52) and four counts of first-degree criminal contempt (Penal Law § 215.51). He was sentenced to an aggregate prison term of 20 years to life. (ECF #6 ("Pet.") at 1.)[1] On direct appeal, the Appellate Division, First Department, unanimously affirmed. *People v. Kemp*, 176 A.D.3d 481 (1st Dep't), *leave denied*, 34 N.Y.3d 1079 (2019). In the Appellate Division, the People requested, pursuant to Civil Rights Law § 50-b, that the appellate filings be kept confidential and not be made available for public inspection. (State Record ("SR") 50.)

Judge Abrams has ordered that, in response to the petition, respondent must file all relevant records, including the State Record and state court tranSRipts. (Scheduling Order, ECF #8.) Pursuant to Your Honor's Rules, these documents are being contemporaneously filed under seal on ECF and electronically related to this motion.

The true first and last names of petitioner's rape victim appear hundreds of times in the State Record and transcripts. In addition, the victim's home address where the rape took place appears several times in the trial transcript. While an imperfect tool, Adobe Acrobat's optical text recognition (OCR) and search functions provide a minimum for the number of instances of the victim's name in these records. Searches of the victim's first and last name collectively produce more than 1,600 hits. Specifically, the victim's first name appears 569 times in the transcripts and 292 times in the State Record, and the victim's last name appears 680 times in the transcripts and 90 times in the State Record. Due to poor image quality, which limits the accuracy of text recognition, it is likely that the actual number of appearances of the victim's name is even higher. The State Record and transcripts are subject to Civil Rights Law § 50-b(1), because they identify, or tend to identify, petitioner's rape victim.

## B. Sealing of the State Record and Transcripts is Warranted

While there is a presumption of public access to Court documents, the presumption may be overcome by a substantial showing that countervailing interests require access restrictions. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the rebuttable presumption depends on "the role of

---

[1] Citations to docket entries refer to the page numbers generated by ECF appearing at the top-right corner of each page.

Hon. Sarah Netburn
April 8, 2021
Page 3 of 5

the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 119. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*.

Against the presumption of access, a court must weigh the considerations militating in favor of restricting access. *Id*. at 120. Access is properly denied, for example, "where court files might have become a vehicle for improper purposes," such as "to gratify private spite." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. at 599

Here, the presumption of public access to the state court record and transcripts is outweighed by compelling victim-protection and comity interests in restricted access. While some parts of the records and transcripts at issue are clearly relevant to the claims and potential defenses in this action, two compelling interests outweigh the public interest in access to these documents.

First, there is the important policy interest in protecting sex crime victims. New York recognizes this interest through, *inter alia*, the protections afforded by Civil Rights Law § 50-b. However, the United States Constitution also recognizes that interest. The Second Circuit has explained that a sex abuse victim's status as such is "highly personal" information protected by Constitutional privacy interests. *See Sealed Plaintiff #1 v. Farber*, 212 F. App'x 42, 43 (2d Cir. 2007) (citations omitted). This Court has found that "details of a sexual assault" are one of the "very limited circumstances" warranting constitutional privacy protections. *Doe v. Putnam County*, 344 F. Supp. 3d 518, 541 (S.D.N.Y. 2018) (citing cases).

This interest also has a practical component. Rape and sexual assault are among the most under-reported classes of crime. According to Department of Justice statistics, only a third (33.9%) of rapes and sexual assaults were reported to police in 2019.[2] Victims considering reporting sex crimes should not be discouraged by the prospect of having their victimization memorialized in court files and online databases available to the public.

Second, the interest in federal-state comity that pervades habeas review calls for accommodation of New York law protecting the confidentiality of sex abuse victims. *See*, *e.g.*, *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (comity underlies the

---

[2] Bureau of Justice Statistics, *Criminal Victimization*, 2019, at 8 & Table 6 (September 2020) (available at https://www.bjs.gov/content/pub/pdf/cv19.pdf).)

Hon. Sarah Netburn
April 8, 2021
Page 4 of 5

adequate state ground and exhaustion doctrines) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)); *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015) (comity requires a lower standard for harmless error); *Skinner v. Switzer*, 562 U.S. 521, 541-42 (2011) (comity underlies exhaustion requirement and deference accorded to state court determinations); *Murray v. Carrier*, 477 U.S. 478, 518 (1986) (procedural default doctrine is based on comity). This is particularly so where, as here, the confidentiality laws in question pose no impediment to the full and fair adjudication of the petitioner's habeas claims.

In habeas proceedings arising from New York convictions, district courts within this Circuit, in deference to Civil Rights Law § 50-b and the policies it embodies, have often sealed state court records, state court transcripts and other documents that disclose the identity of a sex crime victim. *See* Order, *Chess v. People of the State of New York*, ECF #13 in 19 Civ. 6671 (W.D.N.Y. Feb. 20, 2020) (sealing state court transcript and records, except for state court decisions, in deference to Civil Rights Law § 50-b); Order, *Fay v. Annucci*, ECF #5 in 20 Civ. 0187 (S.D.N.Y. Jan. 9, 2020) (sealing transcripts); Order, *McFadden v. Graham*, ECF #11 in 18 Civ. 0865 (FPG) (W.D.N.Y. Jan. 18, 2019) (sealing transcripts and state court records except for state court decisions); Order, *Rosario v. Colvin*, ECF #13 in 18 Civ. 0988 (N.D.N.Y. Jan. 18, 2019) (sealing state court transcripts and records, except court decisions, as well as Respondent's Memorandum of Law in Opposition and prior docket entries making reference to victim); Order, *Williams v. Lempke*, Dkt. #7 in 11 Civ. 2504 (S.D.N.Y. Jun. 20, 2011) (citing cases and sealing state court record and transcripts).[3] The same relief is warranted here.

### C. Lesser Access Restrictions Would Be Inadequate

Redaction of the victim's name from the record and transcripts is not a viable solution, for two reasons. First, the New York Court of Appeals has suggested that, where New York Civil Rights law provides other mechanisms for disclosure, redaction is inadequate to protect victim confidentiality. *See NY Civ. Liberties Union v. NY City Police Dept.*, 32 N.Y.3d 556, 570 (2018) (explaining that state officers cannot circumvent the process designed to protect confidential information by disclosing redacted versions of covered documents "even though redaction might remove all

---

[3] Copies of these orders are attached hereto. *See also Fuller v. Graham*, 09 Civ. 1025, 2013 U.S. Dist. LEXIS 32086, at *2 n.1 (N.D.N.Y. Mar. 8, 2013) (state court record sealed); *DeCicco v. Ercole*, 07 Civ. 1030, 2010 U.S. Dist. LEXIS 143962, at *1 nn.2 & 4 (N.D.N.Y. Dec. 22, 2010) (petition and state record sealed); *Felder v. Goord*, 564 F. Supp. 2d 201, 209 n.2 (S.D.N.Y. 2008) (state court transcript and declaration in opposition sealed); *Brown v. Duncan*, 00 Civ. 0242, 2003 U.S. Dist. LEXIS 9322, at *2 n.1 (N.D.N.Y. June 4, 2003) (case sealed).

Hon. Sarah Netburn
April 8, 2021
Page 5 of 5

details which tend to identify the victim") (quoting *Matter of Karlin v. McMahon*, 96 N.Y.2d 842 (2001)).

      Second, complete and accurate redaction is likely infeasible. Because of poor image quality and the inherent limitations of Adobe Acrobat's optical text recognition (OCR) function, that tool likely does not capture all instances of the victim's name. Given the approximately 1,600 instances of the victim's name in the documents at issue, it is likely that even a highly-burdensome manual review and redaction of these documents would miss some occurrences. Accordingly, the Court should grant respondent's request to file under seal the State Record and transcripts.

      I have not conferred with *pro se* petitioner as he is incarcerated. Pursuant to 28 U.S.C. § 1746 I declare that, on this date, I caused petitioner to be served with a copy of this letter, all attachments hereto, and the unreported decisions cited herein, by causing them to be mailed by First-Class United States Mail to the address listed below.

                           Respectfully submitted,

                           /s Matthew Keller
                           Matthew Keller
                           Assistant Attorney General
                           28 Liberty Street
                           New York, New York 10005
                           (212) 416-6072

cc:    Mr. Gary Kemp    (regular mail)
       17-A-0730
       Attica Correctional Facility
       Box 149
       Attica, New York 14011-0149