UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GARY KEMP,

                        Petitioner,                      20-CV-9121 (RA)(SN)

       -against-                                    **ORDER**

JOSEPH NOETH,

                        Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

On April 12, 2021, the Honorable Ronnie Abrams referred this matter to me for resolution of Respondent's motion to seal and for a report and recommendation on the petition for a writ of habeas corpus. See ECF No. 17.

On April 8, 2021, Respondent moved to seal the state records and transcripts relating to Petitioner's state court conviction. ECF No. 15. Respondent seeks to keep confidential the name of and other identifying information relating to Petitioner's rape victim, which can be found across the state record and transcripts.[1] See id. at 2. For the reasons stated below, Respondent's motion is GRANTED.

## BACKGROUND

In 2017, Petitioner Gary Kemp was convicted of predatory sexual assault, aggravated criminal contempt, and four counts of criminal contempt in the first degree in New York County. See ECF No. 6 (Amended Petition); People v. Kemp, 112 N.Y.S.3d 92 (1st Dep't), lv. denied, 34 N.Y.3d 1079 (2019). When the matter was before the Appellate Division, the State requested that

---

[1] Respondent has not sought to seal any portion of his response to the petition. See ECF Nos. 18–19.

the filings be kept confidential pursuant to New York Civil Rights Law § 50-b, which provides that the "identity of any victim of a sex offense . . . shall be confidential," and that "[n]o report, paper, picture, photograph, *court file* or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." (emphasis added).

On October 30, 2020, Petitioner filed his petition for writ of habeas corpus, challenging his judgment of conviction and raising four grounds for relief. See ECF Nos. 1, 6. On December 14, 2020, Judge Abrams ordered the State to respond to the petition and directed Respondent to file the records and transcripts relating to Petitioner's conviction. ECF No. 8.

On April 8, 2021, Petitioner filed a motion to seal those state records and transcripts, asserting that the victim's name appeared over 1,500 times across the state record and transcripts. ECF No. 15, at 5.

## DISCUSSION

There is a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). A court should only limit access to judicial documents after balancing the competing privacy and public access interests. Id. at 119–20.

When a party has moved to seal documents, a Court must first determine whether those documents fall into the category of "judicial documents" to which the common law right of public access attaches. Id. at 115. In the second step of the analysis, once the Court has determined that the documents are "judicial documents," a Court must determine how much weight to afford the common law presumption of access and the public's First Amendment right of access. Id. at 119–20. At the third step, the Court must balance any countervailing factors to the presumption of public access. Id. at 120. Among those countervailing factors a court may

consider are the "privacy interests of those resisting disclosure." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The state court records and transcripts Respondent has filed would qualify as judicial documents as they are "relevant to the performance of the judicial function and useful in the judicial process." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)); accord Murphy v. Warden of Attica Corr. Facility, No. 20-cv-03076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020); Scott v. Graham, No. 16-cv-02372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016). As judicial documents, then, the common law right of public access would attach. Lugosch, 435 F.3d at 119. Nevertheless, the privacy interest the Court must consider here—the identity of a sexual assault victim—is an important and recognized basis to limit public access to the documents in question. See, e.g., Murphy, 2020 WL 6866403, at *2 (sealing state records and transcript that included a sexual assault victim's identifying information); Scott, 2016 WL 6804999, at *1 (collecting cases); Williams v. Lempke, No. 11-cv-02504 (PGG), ECF. No. 7 (S.D.N.Y. June 20, 2011) (same); Archbold v. Hessel, No. 08-cv-03898 (SHS) (FM), 2011 WL 2671527, at *1 (S.D.N.Y. June 20, 2011).

The Court also concludes that filing these documents under seal—rather than redacting the necessary portions—is warranted in this case. See ECF No. 15 at 5. The impracticality of redacting the victim's name and the fallibility of the redacting software urge the conclusion that sealing is "narrowly tailored" in light of the "higher values" at issue. See United States v. Silver, No. 15-cr-0093 (VEC), 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016) (quoting United States v. Erie Cty., 763 F.3d 235, 241 (2d Cir. 2014)); accord Murphy, 2020 WL 6866403, at *2.

## CONCLUSION

Accordingly, in light of the significant weight affording a sexual assault victim's privacy interests, and in consideration of New York Civil Rights Law § 50-b, the Court concludes that the state court records and transcripts are to remain under seal.

Given that Respondent has now filed his response to the amended petition, Petitioner shall file his reply, if any, by Monday, May 17, 2021. Should Petitioner wish to oppose the sealing of the state records and transcripts, he shall so state in his reply brief.

The Clerk of Court is respectfully directed GRANT the motion at ECF No. 15 and mail a copy of this order to the *pro se* Petitioner.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 15, 2021
         New York, New York