UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GARY KEMP,

                                    **Petitioner,**

                    -against-

JOSEPH NOETH,

                                    **Respondent.**

-----------------------------------------------------------------X

**20-CV-09121 (RA)(SN)**

**ORDER**

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 1/16/2025

**SARAH NETBURN, United States Magistrate Judge:**

On January 16, 2025, the Court held a telephone conference to confirm on which grounds Petitioner intends to proceed in this case. Petitioner stated his intention to file a Third Amended Petition. Accordingly, Petitioner's Third Amended Petition shall be filed no later than March 17, 2025. Respondent shall file a response within 60 days of the Third Amended Petition. Petitioner shall file a reply, if any, within 45 days of receiving Respondent's brief. Attached to this Order is the Southern District of New York's instructions and form for a 28 U.S.C. § 2254 petition.

Furthermore, the Clerk of Court is respectfully requested to LIFT the stay on this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      January 16, 2025
                New York, New York



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE                                                                                              RUBY J. KRAJICK
Room 230                                                                                                   Clerk of Court

**Instructions for Filing
Petition for a Writ of *Habeas Corpus* under
28 U.S.C. § 2254**

1.  **<u>Who should use this form</u>:** You should use this form if you are in custody (such as in prison or subject to supervised release) based on a state court conviction <u>and</u> you are challenging your state court conviction or sentence because it violates federal law, such as the United States Constitution. You must first present to the state court your arguments that your conviction violates federal law, either on direct appeal or in an application outside the appeal process. You must include in your federal § 2254 petition all grounds for relief and facts supporting such grounds and indicate that each ground was already presented to the state court. If you were convicted in Bronx, Dutchess, New York (Manhattan), Orange, Putman, Rockland, Sullivan or Westchester counties, then the Southern District of New York is the proper district to file a  § 2254 petition.

2.  **<u>Who should *not* use this form</u>:** If you want to challenge the validity of a federal court judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment. If you want to challenge your immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3.  **<u>Caption</u>:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4.  **<u>Signature</u>:** The petition must be signed with a pen.

5.  **<u>Fee</u>:** The filing fee for a *habeas* petition brought under 28 U.S.C. § 2254 is $5. If you cannot afford to pay this fee, you can request that the Court waive the fee by submitting a Request to Proceed *In Forma Pauperis*.

✎AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

## PETITION

1.     (a) Name and location of court that entered the judgment of conviction you are challenging:

       (b) Criminal docket or case number (if you know):

2.     (a) Date of the judgment of conviction (if you know):

       (b) Date of sentencing:

3.     Length of sentence:

4.     In this case, were you convicted on more than one count or of more than one crime?     ❏ Yes     ❏ No

5.     Identify all crimes of which you were convicted and sentenced in this case:

6.     (a) What was your plea? (Check one)

                    ❏ (1)     Not guilty          ❏ (3)     Nolo contendere (no contest)

                    ❏ (2)     Guilty              ❏ (4)     Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒  Jury    ❒  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒  Yes    ❒  No

8.    Did you appeal from the judgment of conviction?

❒  Yes    ❒  No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒  Yes        ❒  No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ❒ Yes    ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ❒ Yes    ❒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❒ Yes    ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

     (1) Name of court:

     (2) Docket or case number (if you know):

     (3) Date of filing (if you know):

     (4) Nature of the proceeding:

     (5) Grounds raised:

     (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ❏   Yes     ❏   No

     (7) Result:

     (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

     (1) Name of court:

     (2) Docket or case number (if you know):

     (3) Date of filing (if you know):

     (4) Nature of the proceeding:

     (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑  Yes    ❑  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:    ❑  Yes    ❑  No

(2)  Second petition:    ❑  Yes    ❑  No

(3)  Third petition:    ❑  Yes    ❑  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

✎AO 241
(Rev. 10/07)

(c)　　**Direct Appeal of Ground One:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　❏ Yes　　❏ No

　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　❏ Yes　　❏ No

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition:

　　Name and location of the court where the motion or petition was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(3) Did you receive a hearing on your motion or petition?　　❏ Yes　　❏ No

　　(4) Did you appeal from the denial of your motion or petition?　　❏ Yes　　❏ No

　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　❏ Yes　　❏ No

　　(6) If your answer to Question (d)(4) is "Yes," state:

　　Name and location of the court where the appeal was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏ Yes      ❏ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes   ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?                          ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒ Yes     ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes     ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

Case 1:20-cv-09121-RA-SN    Document 93    Filed 01/16/25    Page 14 of 17

✎AO 241                                                                                              Page 13
(Rev. 10/07)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❐   Yes        ❐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ❐   Yes        ❐   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ❐   Yes        ❐   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❑ Yes          ❑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❑ Yes          ❑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

✎AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.