**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

GARY KEMP,

                                          **Petitioner,**

                    **-against-**

JOSEPH NOETH,

                                          **Respondent.**

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/5/2026_

**20-CV-09121 (RA)(SN)**

**REPORT &**
**RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE RONNIE ABRAMS:**

Petitioner Gary Kemp ("Kemp"), *pro se*, petitions under 28 U.S.C. § 2254 for a writ of habeas corpus setting aside his January 17, 2017 judgment of conviction. Third Am. Pet., ECF No. 97. Kemp asserts claims related to (1) weight and sufficiency of the trial evidence ("Ground One"); (2) his constitutional right to defend himself against, and to confront, the prosecution's expert witness ("Ground Two"), and (3) the excessiveness of his sentence ("Ground Three"). I recommend that the petition be denied in its entirety.

## BACKGROUND

### I.    Criminal Conviction

Petitioner met the complainant in 2015, and the two entered into a relationship during which Petitioner repeatedly subjected the complainant to verbal and physical abuse. In September 2015, the complainant obtained a five-year order of protection prohibiting Petitioner from contacting her; notwithstanding that order, the complainant continued to see Petitioner. On November 23, 2015, Petitioner and the complainant had a discussion in Central Park that

devolved into an argument. Petitioner spit in the complainant's face and grabbed her arms, after which the complainant reported the incident to the police. The following day, Petitioner confronted the complainant outside the apartment building where she lived with her mother. Petitioner grabbed the complainant and pushed her into garbage cans. A neighbor intervened and escorted the complainant back into the building. The next day, police made a home visit, following up on the complainant's November 23 report, during which the complainant reported Petitioner's abuse outside of the apartment building.

On November 28, 2015, the complainant went to the hospital after feeling ill. While at the hospital, she spoke with Petitioner by phone, and Petitioner later met her there and accompanied her home in a taxi. When they arrived at the apartment building, the complainant's mother came downstairs to pay the fare and was surprised to see Petitioner with the complainant. The mother took the complainant inside, and the two rode the elevator to their apartment. Upon entering the apartment, Petitioner was standing in the doorway. As the mother raised her cell phone to call the police, Petitioner grabbed the phone and threw it against the wall. Petitioner then struck the mother in the face and neck, causing her to fall to the ground. Petitioner locked the apartment door and went into the kitchen, where he retrieved a butcher knife.

The complainant testified that Petitioner pointed the knife at her mother and stated, "which of youse is going to go first." The mother testified that Petitioner said, "which one of you are going to die first." The complainant, the mother, and Petitioner then struggled over the knife, during which the blade separated from the handle. The mother slid the blade underneath a couch. Petitioner then choked the complainant until she lost consciousness for several minutes and ordered both the complainant and her mother into a bedroom, directing them to remove their clothing. The mother testified that Petitioner was armed with two steak knives at that time.

2

At 4:00 a.m., the following morning, Petitioner forced the complainant into another bedroom and then removed his pants and went into the bathroom. While Petitioner was in the bathroom, the complainant checked his pants pockets and found the steak knives, which she discarded. Petitioner then returned to the bedroom and raped the complainant.

In another room, the complainant's mother heard the assault and ran from the apartment to a nearby police precinct to seek assistance. Officers responded to the apartment, found Petitioner in bed with the complainant, and recovered a steak knife from a bedside dresser and a broken butcher knife blade from underneath a couch in the living room. Petitioner was taken into custody.

The complainant was treated at the hospital for bruising to her right eye, chin, and shoulder, as well as abrasions to her neck and cuts on her upper lip. A swab taken from the complainant's vulvar area contained semen with DNA belonging to Petitioner or one of his paternal relatives. Bloodstains on the butcher knife contained DNA from both the complainant and her mother.

Petitioner was charged with predatory sexual assault, three counts of burglary in the first degree as a sexually motivated felony, aggravated criminal contempt, and three counts of criminal contempt in the first degree. The day before jury selection, the prosecution moved to admit expert testimony from Julia Hochstadt, an expert in the dynamics of intimate partner violence, regarding reasons victims may return to their abusers. The expert testimony was offered to rebut an anticipated defense argument that the complainant lacked credibility because she continued to communicate with and meet the Petitioner after he began physically abusing her and after the alleged rape. Defense counsel opposed the admission of Hochstadt's testimony, arguing that he lacked sufficient time to retain a rebuttal expert and that the jury should assess

the complainant's credibility without the assistance of expert testimony. The trial court overruled

the objection, reasoning that defense counsel was on notice that the prosecution would call such

an expert because expert testimony of this nature is commonly presented in cases involving

intimate partner abuse. Hochstadt testified during the second week of trial, more than one week

after notice was provided.

The jury found Petitioner guilty of predatory sexual assault, aggravated criminal

contempt, and four counts of criminal contempt in the first degree. The trial court sentenced

Petitioner to concurrent terms of imprisonment of 20 years to life on the predatory sexual assault

count, 2½ to 7 years on the aggravated criminal contempt count, and 1⅓ to 4 years on each

criminal contempt count.

## II.    Post-Conviction Procedural History

### A.  State Court Appeals

On appeal to the Appellate Division, First Department, Petitioner raised the same

arguments he raises here: that his conviction was against the weight of evidence, that the trial

court did not give him sufficient time to prepare a defense to Hochstadt's testimony, and that his

sentence should be reduced in the interest of justice. The Appellate Division affirmed

Petitioner's conviction. People v. Kemp, 176 A.D.3d 481 (1st Dep't 2019). The court rejected

Petitioner's sufficiency arguments, holding that when viewed as a "continuing incident," the

evidence established Petitioner's use of a knife in the course of the commission of first-degree

rape. The court also found that the disclosure of Hochstadt's testimony did not violate any New

York discovery rules and that, in any event, any error was harmless. Id. The court further held

that Petitioner's constitutional challenge related to Hochstadt's testimony was unpreserved. Id.

Finally, the court stated that it "perceive[d] no basis for reducing the sentence." Id.

Petitioner, through counsel, filed an application for leave to appeal to the New York Court of Appeals raising only his challenge to the expert witness. On December 4, 2019, the Court of Appeals denied Petitioner's application for leave to appeal. People v. Kemp, 34 N.Y.3d 1079 (2019).

**B. Federal Habeas Petition**

Petitioner filed this action in October 2020 and subsequently requested a stay to exhaust additional claims in state court, which the Court granted. See ECF Nos. 2, 27. Those state-court proceedings did not result in relief, and Petitioner does not raise any of those exhausted claims in the Third Amended Petition. In January 2025, the Court lifted the stay and directed Petitioner to file a Third Amended Petition asserting all available claims. Petitioner thereafter filed the Third Amended Petition, raising the following claims: (1) the verdict was against the weight of the evidence; (2) Petitioner was denied his rights to confrontation and to present a defense based on the trial court's admission of expert testimony from Julia Hochstadt without affording Petitioner sufficient time to prepare for cross-examination or to retain a rebuttal expert; and (3) the sentence imposed was excessive.

DISCUSSION

I.    **Legal Standards**

   A.  *Pro Se Filings*

Courts liberally construe pleadings prepared by *pro se* litigants and hold them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). It is appropriate to interpret *pro se* submissions to "raise the strongest arguments that they suggest." Gomez v. Brown, 655 F. Supp. 2d 332, 342 (S.D.N.Y. 2009) (internal citations omitted) (explaining that because of the

right of self-representation, the court is obligated to make reasonable allowances to protect *pro se* litigants from "inadvertent forfeiture of important rights because of their lack of legal training" (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983))).

### B.  Exhaustion Requirement

Before a federal court may review a § 2254 claim, a petitioner must exhaust all remedies provided in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is deemed exhausted if the petitioner: (1) fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts; and (2) presented his claim to the highest state court that could hear his claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). Further, a habeas petitioner who has not met the State's procedural requirements cannot prevail on a claim unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "The procedural default doctrine protects the integrity of the exhaustion rule, ensuring that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).

Even if a petitioner fails to exhaust a claim, a district court may still deny the petition on the merits. See 28 U.S.C. § 2254(b)(2); see also Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997) (noting that "the provisions of § 2254 . . . authorize federal courts to deny unexhausted claims on the merits"); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) (noting that "this Court can, in certain circumstances, address the merits of a habeas petition even if it contains unexhausted claims") (citing 28 U.S.C. § 2254(b)(2)). A court is entitled to deny a petition containing

unexhausted claims that are "plainly meritless," Rhines v. Weber, 544 U.S. 269, 277 (2005), or "patently frivolous." Cuadrado v. Stinson, 992 F. Supp. 685, 687 (S.D.N.Y. 1998); see also Burton v. Wolcott, No. 21-cv-0736 (DNH)(TWD), 2024 WL 3184658, at *18 (N.D.N.Y. May 29, 2024) (finding one of petitioner's claims plainly meritless "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Blume v. Martuscello, No. 13-cv-4310 (KMK)(PED), 2015 WL 10487723, at *12-13 (S.D.N.Y. Aug. 5, 2015) (finding petitioner's unexhausted Eighth Amendment claim plainly meritless when reviewing the evidence presented at trial).

Where a petition contains both exhausted and unexhausted claims, the Court may (1) dismiss the entire petition without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to proceed only with any exhausted claims; or (4) in limited circumstances, stay the petition to permit the petitioner to exhaust the unexhausted claims. See 28 U.S.C. § 2254(b)(2); Rhines, 544 U.S. at 277-78. A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

### C. Habeas Standard of Review

A state prisoner seeking habeas relief under § 2254 must show by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review of a federal habeas corpus petition "depends upon whether the petitioner's claims have previously been 'adjudicated on the merits' by a state court." Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)). Adjudication on the merits "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261

F.3d 303, 312 (2d Cir. 2001) (internal quotation marks omitted); Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007).

Under the AEDPA standard, a federal court on habeas review of a state court's adjudication on the merits must examine whether the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Johnson v. Williams, 568 U.S. 289, 292 (2013); Spears, 459 F.3d at 203. When applying these standards of habeas review, the court reviews the state court's "last reasoned decision." Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991).

"A state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in" Supreme Court precedent, "or if it confronts a set of facts that is materially indistinguishable from a decision of th[e] [Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). A state court decision constitutes an "unreasonable application" of the Supreme Court's precedent if "the state court applies [that] precedent to the facts in an objectively unreasonable manner." Id. Thus, in construing and applying federal law, even erroneous state court decisions that are deemed reasonable will survive habeas review. Williams v. Taylor, 529 U.S. 362, 409-- 13 (2000). It follows that "federal habeas corpus relief does not lie for errors of state law," absent a corresponding violation of federal constitutional rights. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (internal quotation marks omitted). For federal habeas review, factual determinations made by a state court are presumed correct, and a petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**II.    Challenges to Evidence (Ground One)**

    **A.  Weight of the Evidence Claim**

In New York, the Appellate Division can set aside a conviction because it is against the weight of the evidence. See CPL § 470.15(5). No corresponding right exists under the federal constitution. Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); see also Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence"); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("assessments of the weight of the evidence . . . are for the jury and not grounds for reversal" on habeas review); Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) ("Petitioner's claim that his conviction was against the weight of the evidence is not a basis for habeas relief."). Petitioner's claim raises "an error of state law, for which habeas review is not available." Perlman, 438 F. Supp. 2d at 470. Accordingly, I recommend that the Court deny Petitioner's weight of the evidence claim as not cognizable.

    **B.  Sufficiency of the Evidence Claim**

        **1.  Petitioner's Sufficiency of the Evidence Claim is Unexhausted and Procedurally Barred**

Even if the Court were to liberally construe his weight of the evidence claim as a cognizable sufficiency of the evidence claim, it would be unexhausted and procedurally barred.

A federal court presented with unexhausted claims in a habeas petition may, under appropriate circumstances, either stay the petition or dismiss it without prejudice, so that the petitioner can return to state court to exhaust his claims. See Rhines, 544 U.S. at 276. Petitioner, however, has already filed a direct appeal and cannot now file a second one. See CPL §

460.10(1)(a). His sufficiency of the evidence claim is therefore procedurally defaulted. Even if the Court were to interpret his weight of the evidence argument to the Appellate Division as including a challenge to the sufficiency of the evidence, Petitioner did not raise either challenge in his leave application to the Court of Appeals. Finally, Petitioner has not demonstrated (and the record does not suggest) cause for the default or that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, Petitioner's claim is unexhausted and procedurally barred.

### 2. Petitioner's Sufficiency of the Evidence Claim Should Be Denied on the Merits

The Court may still deny the claim on the merits notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2). In considering the sufficiency of the evidence of a state conviction "[a] federal court must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999). A court will reject a sufficiency of the evidence challenge if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A petitioner "bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula, 297 F.3d at 179 (internal quotations marks omitted).

To establish Petitioner's guilt for predatory sexual assault, the prosecution had to prove that Petitioner committed the crime of aggravated sexual assault in the first degree and, in the course of the commission of that crime, that he used or threatened the immediate use of a dangerous instrument, in this case the knives Petitioner wielded. N.Y. Penal Law § 130.95(1)(b). Petitioner contends that his brandishing of a large knife and his possession of smaller knives in the bedroom did not occur in the course of committing the alleged rape. The trial evidence,

10

however, included corroborated testimony that Petitioner armed himself with a butcher knife and steak knives and threatened to kill both the complainant and her mother. He further restrained both women by displaying the steak knives to intimidate them. Petitioner then escorted the complainant into the bedroom while armed with the steak knives and sexually assaulted her, and one of the knives was recovered from the bedside table where the assault occurred. The Appellate Division's conclusion that the evidence satisfied the statute when viewed as a "continuing incident" was reasonable, and one with which a fairminded jurist could agree. See Harrington v. Richter, 562 U.S. 86, 103 (2011).

Accordingly, I recommend that the Court deny any implied sufficiency of the evidence claim.

## III.    Due Process Claim (Ground Two)

Petitioner's due process claim is exhausted and cognizable on federal habeas review. It is, however, barred from review on adequate and independent state grounds and is ultimately without merit. "[I]f a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with a contemporaneous objection rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review." Garcia v. Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999) (cleaned up). "As a result, we have observed and deferred to New York's consistent application of its contemporaneous objection rules." Id. at 79; Whitley v. Ercole, 642 F.3d 278, 286-87 (2d Cir. 2011).

A petitioner may overcome a procedural bar only if he can show both "cause" for his failure to present his claim properly in state court, and either "prejudice" attributable to the federal court's failure to hear the claim or that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 749-50.

"[When] the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at  324. "Only when the record is totally devoid of evidentiary support is a due process issue raised and habeas corpus relief warranted." Gonzalez v. Reiner, 177 F. Supp. 2d 211, 218 (S.D.N.Y. 2001) (citing Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994)). A habeas petitioner therefore bears a "very heavy" burden "because all inferences are to be drawn in the prosecution's favor, and 'a conviction may be based upon circumstantial evidence and inferences based upon the evidence, and the jury is exclusively responsible for determining a witness' credibility.'" Id. (quoting United States v. Strauss, 999 F.2d 692, 696 (2d Cir.1993)). "Thus the relevant inquiry is not whether this federal court sitting in habeas corpus would find the same facts to be true, but whether any reasonable fact finder could." Id.

While the Appellate Division addressed Petitioner's challenge to Hochstadt's testimony as a matter of New York evidentiary and discovery law, it concluded that any constitutional claim was unpreserved and therefore declined to review it. Kemp, 176 A.D.3d at 481. The state-court record confirms this conclusion: Petitioner did not object to the admission of Hochstadt's testimony on constitutional grounds, instead arguing that the testimony improperly invaded the jury's role in assessing credibility and that the defense lacked sufficient time to retain a rebuttal expert. See ECF No. 102-2 at 17–24. Courts in the Second Circuit have consistently recognized New York's preservation rule to be an adequate and independent state law ground sufficient to bar habeas review. See Downs v. Lape, 657 F.3d 97, 102, 104 (2d Cir. 2011); Whitley v. Ercole, 642 F.3d 278, 286-87 (2d Cir. 2011) (citing Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999)).

Petitioner has not alleged any cause for his default and therefore the Court need not address the prejudice prong. But, after reviewing the record, the Court finds no prejudice or a risk that the failure to hear the claim will result in a fundamental miscarriage of justice.

In an alternative holding, the Appellate Division rejected Petitioner's constitutional challenge to Hochstadt's testimony on the merits. Kemp, 176 A.D.3d at 481. On habeas review, evidentiary errors are subject to a "lenient harmless-error" standard, and relief is warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." Scrimo v. Lee, 935 F.3d 103, 115 (2d Cir. 2019) (citation omitted). The prosecution notified the defense on January 4, 2017, that they intended to call an expert witness, and that witness testified on January 13, 2017. Thus, the defense had over a week to prepare a cross examination of the expert and, if warranted, locate a rebuttal witness. Defense counsel cross-examined the expert and was not limited in any area of questioning or precluded from offering any evidence. This included a vigorous cross-examination of the complainant to challenge her credibility.

Moreover, the prosecution's evidence of guilt was overwhelming and included testimony from the complainant and her mother, photographs of the complainant's injuries, forensic testing showing that Petitioner's DNA was recovered from swabs of the complainant, and testimony from the responding officers. Thus, Petitioner has not shown that Hochstadt's testimony (or the absence of a hypothetical rebuttal expert's testimony) had a substantial and injurious effect on the jury's verdict in light of this evidence.

Accordingly, I recommend that the Court deny Petitioner's due process claim.

**IV.     The Length of Petitioner's Sentence (Ground Three)**

Although New York appellate courts have discretion to reduce a sentence in the interest of justice, see CPL §§ 470.15(3), (6)(b), federal courts conducting habeas review of a state conviction have no such power. Paul v. Ercole, No. 07-cv-94262 (CM)(HBP), 2010 WL 2899645, at *5 (June 10, 2010) (collecting cases), adopted, 2010 WL 2884720 (S.D.N.Y. July 21, 2010). "[A] claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right." Id.

A sentence violates the Eighth Amendment when it is "grossly disproportionate" to the crime committed or when the sentence imposed "shocks the collective conscience of society." United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991). However, "[n]o federal constitutional issue is presented where [a petitioner's] sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). "This rule continues to be applied." McCall v. Rivera, 965 F. Supp. 2d 311, 343 (S.D.N.Y. 2013) (gathering cases); see also Silva v. Keyser, 271 F. Supp. 3d 527, 545 (S.D.N.Y. 2017) ("It is well-established that when a sentence falls within the range prescribed by state law, the length of the sentence generally may not be raised as a basis for federal habeas relief.").

Petitioner's request that his sentence be reduced in the interest of justice is not a cognizable federal claim. If his petition were construed to challenge the constitutionality of his sentence, that claim would also fail. Petitioner was convicted of predatory sexual assault, a class A-II felony. N.Y. Penal Law § 70.00(3)(a)(ii). Under New York law, the minimum period for ClassA-II felony of predatory sexual assault is between 10 to 25 years with a maximum period of life imprisonment. Id. Petitioner was sentenced to 20 years to life. Petitioner's sentence is

therefore within the range prescribed by state law, and any challenge to its length is not cognizable on federal habeas review.

Accordingly, I recommend that the Court deny Petitioner's excessive sentence claim.

### CONCLUSION

I recommend that the petition for a writ of habeas corpus be DENIED. Because the petition does not make a substantial showing of a denial of a constitutional right, a certificate of appealability should not issue. See 28 U.S.C. § 2253. I further recommend that the Court certify, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status should be denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SARAH NETBURN
United States Magistrate Judge

DATED:    March 5, 2026
          New York, New York

*          *          *

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Ronnie Abrams if

15

required by her Individual Rules and Practices. Any requests for an extension of time for filing

objections must be addressed to Judge Abrams. See Fed. R. Civ. P. 6(b). The failure to file

timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474

U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).